Where a case, upon a report of referees, was made before the decision, (in 3 Kern. 341,) which does not conform to that decision, held, that it might be made to conform to that rule after the determination of the General Term on appeal,
*680 This court hold, that they have the power, under § 174 of the Code, to allow exceptions to the report of referees, etc., to be filed nunc pro tunc, after the ten days fixed by the Code (§ 272 [227j) have elapsed. (Reported in 14 How. Pr. E. 18.)* Notice of the judgment was served on the 13th of March, 1856. The motion for leave to file exceptions to the decision of the referee, nunc pro tunc, was made in March, 1857. The decision in Sheldon, et al v. Wood, was probably made on the strength of Seeley v. Prichard, (3 Duer, 669.) Subsequent to-tlie latter decision the case of Humphrey v. Chamberlin, (1 Kern. 274,) was reported. At the June General Term, 1858, the Superior Court, held before Bosworth, Hoffman, Slosson, Woodruff, and Pierrepont, J.J., decided (Hoffman, J., dissenting), that the eonrt had no power to enlarge the time prescribed by statute for taking an appeal from the Special Term. (The case of Fry v. Bennett, not yet reported). If that de cisión be correct, it may well be doubted whether the court has any more power to allow exceptions to the final decision of the court or of a referee to be filed, after the expiration of the time given by the Code, than it has to allow exceptions to be taken after judgment to a' decision made during the progress of the trial._ Rep.